PATE *v.* TROLLINGER.

[74 South. 131, Division B.]

LIBEL AND SLANDER.  *Actions.  Questions for jury.  Statute.*

Under Code 1906, section 10, providing that all words which, from their usual construction and common acceptance, are considered as insults, shall be actionable, and a plea, exception, or demur-

rer shall not be sustained to preclude a jury from passing thereon, who are the sole judges of the damages sustained, where a fraternal organization was attempting to settle differences between plaintiff and defendant, defendant stated to members that plaintiff had been guilty of perjury, such statement was not as a matter of law a privileged communication.

APPEAL from the circuit court of Tishomingo county. HON. CLAUDE CLAYTON, Judge.

Suit by W. L. Pate against A. J. Trollinger. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*T. A. Clark,* for appellant.

The first proposition, the admission of evidence under the notice of privileges filed by the defendant. Section 744, Code 1906, says: "If defendant desires to prove under the general issue in an action any affirmative matter in avoidance, which by law may be proved under such plea, he shall give notice thereof in writing annexed to or filed with his plea, etc." And plaintiff shall before the trial of the cause file a written notice to the defendant of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given notice of by the defendant, etc.,

We contend that the mere statement that defendant expected to show that such statements made of and concerning him as alleged in the declaration were privileged is not sufficient notice under the general issue as to require plaintiff to reply to the notice, but that before defendant could avail himself of the notice of privileged communications under the general issue, he should state particularly in what the privilege consisted in order to apprise the plaintiff and inform him of the nature and character of the privilege. Unless defendant did clearly and particularly set out of what the privilege consisted, plaintiff could not reply to the notice so given under general issue. So when the witness Mr. Perry was asked with reference to being members of the same fraternal

organization, the same was objected to because no notice of this particular phase of privilege would be claimed. So when witness McDonald was asked the same thing it was objected to for the same reason that witness Perry the same by objecting to the testimony of the defendant was objected to. Plaintiff does not have to reply to the notice set up by defendant but may test the sufficiency of the same by objecting to the testimony of the defendant when offered.

*Railroad Co.* v. *Humphrey,* 83 Miss. 721, 36 So. 154 Judge Cox in discussing section 686, Code of 1892, which is the same as section 744, Code of 1906, in the case of *Y. & M. V. R. R. Co.* v. *Grant,* 86 Miss. 565, 38 So. 502, says: "While as a rule, great liberality is allowed in pleading and procedure, this statute is mandatory, and must be strictly complied with. The effect of section 686 is to require every affirmative matter to be pleaded specially or given notice of, so as to distinctly inform the opposite party of the precise ground of contest on which he is to be met by his adversary. *Y. & M. V. R. R. Co.* v. *Grant,* 86 Miss. 565, 38 So. 502.

There are two kinds of privileged communications which is a defense to action of this kind. Absolute privilege and qualified privilege. And if the notice under the general issue had set out the facts on which the privilege consisted it would have fallen in the class of qualified privilege, as members of churches, fraternal organizations and secret societies, etc., it would be necessary for the defendant to set out in his notice the particular fact on which he based his privilege in order to inform the plaintiff the precise ground on which he intended to rely, and without this plaintiff could not and did not know how to meet such plea other than objecting to the testimony and we think the court erred in overruling the objection of the defendant to the testimony on this point.

It is necessary that a special plea shall contain facts sufficient to show that the publication was made on a privileged occasion. Defendant must also allege that

he acted without malice, except where the words are absolutely privileged. 25 Cyc., page 458, Subdivision "B."

The notice did not show facts sufficient to show that the publication was made on a privileged occasion nor did it allege that he acted without malice, and since the privilege that he was seeking to rely on was a qualified privilege he should have alleged that he acted without malice.

The special matter or privilege that he gave notice of under the general issue in not setting out the facts sufficient to show on what he based privilege would have been the same as just merely pleading fraud, without stating the matter of which the fraud consisted, or just merely saying there was a want of consideration without stating the facts on which the want of consideration consisted. *Tittle* v. *Bonner,* 53 Miss. 578,

Special affirmative matter in avoidance of plaintiff's cause of action is properly rejected when it is sought to inject it into plaintiff's testimony before he has closed his case. It is improper to permit defendant before the plaintiff closes his case to introduce his defense.

*Y. & M. V. R. R. Co.* v. *Grant,* 86 Miss. 565, 38 So. 502, section 10, Code of 1906, says that no plea, exception or demurrer shall be sustained to preclude a jury from assessing or passing on the amount of damages.

The truthfulness of the words spoken is no defense to the action, but only goes to the jury in mitigation of the damages, and a plea of the truthfulness or special matter under the general issue is the same as a plea of justification, and plea of privilege joined to a plea of alleging that they were true is the same as a plea of justification. 25 Cyc. 458-459, footnote under page 458; *Etchenson* v. *Pergerson,* 88 Ga. 620, 15 So. 680.

If a plea alleging the truthfulness of the words spoken is a plea of justification, and if a plea of justification or the truthfullness of the words should only go to the jury in mitigation of damages, and if the joinder of a plea of privilege to one setting up the truthfullness of the words

spoken amounts to a plea of justification, then we submit that notwithstanding a plea of privilege would be sufficient alone to preclude a jury from passing on the damages, still since the joinder of the two constitutes a plea of justification, we would say on that the case should have been submitted to the jury.

We respectfully submit that under the law and facts of this case it should be reversed and remanded.

*W. L. Elledge,* for appellant.

We concede that the testimony of witness Perry should have been excluded. We insist that the case should have gone to the jury on the testimony of witness Mc-Donald; citing Sec. 10, Mississippi Code 1906.

Statements made in the course of an investigation by a lodge, having jurisdiction according to its discipline, made to a body or tribunal or committee authorized by that lodge to conduct an investigation are privileged; citing, 25 Cyc., page 390, par. (7). The remarks made to witness McDonald were and are not privileged.

One claiming the benefit of the privilege involved in this case must show himself clearly entitled thereto and must hold himself to a strict observance of the requirements to avail himself of the privilege.

*Jas. A. Cunningham,* for appellee.

We think the true rule of law governing the case is found in 25 Cyc., pages 390, 395. Trollinger was being prosecuted by Pate who was furthering an effort to discredit Trollinger with his brethren because of Trollinger's failure to affiliate with him, and we maintain that under the rule laid down, we in response, not only had the privilege to inform a committee of our cause for non-fellowship, but had a right to so inform a committee of our cause for non-fellowship, and had a right to so inform the members of the lodge who were demanding our reasons, at Pate's instance.

No damage is proven and under the circumstances no malice could be presumed to exist. Hence we submit that no error lies in excluding the evidence and directing a verdict for the defendant, and that the judgment of the court below should be affirmed.

Etheridge, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Tishomingo county granting a peremptory instruction for the defendant. The appellant filed a declaration based on section 10, Code of 1906, on actionable words, charging that Trollinger used language of and concerning Pate calculated to lead to a breach of the peace, the alleged words being that Trollinger stated that "Pate swore a lie down here in the courts of our land and I can prove it," on one of the occasions, and on another that "W. L. Pate swore a lie as black as hell down here in the courts of our land, and I can prove it," alleging that said words are, by their use, construction, and common acception, insults and calculated to lead to a breach of the peace. The defendant filed the general issue, and gave notice that on the hearing he expected to prove that the statements made by him about the appellant were and are the truth; the said notice not stating that the words were uttered with justifiable motives. Defendant also gave notice under the general issue that he would prove on the trial that what he said of and concerning Pate at the times and places alleged, or at all, were uttered by him as privileged communications, but does not state in said plea the nature of the privilege that he would claim.

The plaintiff introduced W. M. Perry, who testified that Trollinger said that Pate had sworn a lie, and he (Trollinger) could prove it. On cross-examination Perry was asked who was with him at the time, and he answered, "Wright and Byram." The question was then asked: "All members of the same fraternity? A. Yes, sir."

To this answer objection was made and an exception taken. The question was then asked:

"You were appointed by that fraternal order to go and interview Brother Trollinger, were you not, on the law committee, weren't you? A. Yes, sir. Q. Those things were stated to you in the course of that investigation? A. We went over there to try to compromise the thing."

He was asked:

"At the second time when this man made this statement, were you at that time engaged on a mission, in behalf of some fraternal organization? A. Well, I was talking to him to see if we couldn't get him— Q. Were you representing the lodge at that time? A. Yes, sir; I was on a committee."

J. W. McDonald, as a witness for the plaintiff, stated that he heard Trollinger say "Pate swore a lie as black as hell or as black as his hat, I disremember, and he could prove it;" that there were three of them together at that time; that this conversation was made some time in the latter part of the summer or fall, and was made at Belmont, Tishomingo county, Miss. On cross-examination he was asked where this conversation occurred, and answered:

"Well sir, we were coming from the lodge hall down in town, me and Mr. Trollinger and another man, I don't remember the man, I don't recollect who it was, and he was talking to him. Q. You are a member of the lodge there with Brother Trollinger? A. Yes, sir. Q. Wasn't Brother Trollinger in the lodgeroom at the time? A. No, sir; we were not in the lodgeroom. We were near Dr. Goyer's drug store. Q. Brother Trollinger had a charge preferred against him, didn't he? A. Yes, sir. Q. He was discussing the charge preferred against him by the brethren? A. Of course it was, but it was all done settled, though."

Thereupon plaintiff rested, and the defendant moved to exclude the evidence on the ground that they were fraternal brethren, talking in privacy of and concerning a charge against Trollinger in which his fraternal standing was questioned, and that they were privileged com-

munications, which motion the trial judge sustained. The plaintiff excepted, and prosecutes this appeal.

Section 10 of the Code of 1906, on actionable words, reads as follows:

"*Certain Words Actionable.*—All words which, from their usual construction and common acception, are considered as insults, and calculated to lead to a breach of the peace, shall be actionable; and a plea, exception or demurrer shall not be sustained to preclude a jury from passing thereon, who are the sole judges of the damages sustained; but this shall not deprive the courts of the power to grant new trials, as in other cases."

We think the trial court erred in striking out the evidence and holding the communications to be privileged. The record does not disclose fully the circumstances, and does not show what the charge preferred, if any, was, nor does it show that the committee was taking evidence on the charge preferred against Trollinger, though, if we assume that this was the case, still it would be a question for the jury to determine whether the statements made were necessary, under the circumstances, and whether or not they were made maliciously for the purpose of injuring plaintiff. The mere fact that two men belong to the same fraternal organization, and that such organization is trying to settle some differences between them, does not authorize one of the parties to denounce the other as a perjurer in the courts of this land, even to fraternal brethren. Under section 10 of the Code, above recited, it is especially provided that a plea, exception, or demurrer shall not be sustained to preclude a jury from passing thereon, and the jury are the sole judges of the damages sustained.

*Reversed and remanded.*